### PEOPLE *v.* RICKETTS.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO RAVISH—CONDUCT OF PROSECUTING ATTORNEY—OFFER OF INCOMPETENT EVIDENCE.
   On the trial of a father for assaulting his daughter with intent to commit the crime of rape, the prosecuting attorney offered to show that the respondent, prior to making the assault complained of, had committed similar acts upon the daughter, which offer was objected to and the objection sustained. *Held*, that, the offer having been made in good faith, and the proposed testimony objected to and excluded, there was no ground for saying that the judgment against the respondent should be reversed.

2. SAME—INSTRUCTIONS TO JURY.
   Where the only testimony given on the trial of a respondent for an assault with intent to commit the crime of rape is that of the assaulted party, which is positive as to the making of the assault, it is not error for the court to charge the jury that, if they believe said testimony, the respondent is guilty of assault and battery, and that the only question for them to consider is whether or not he intended to commit the greater offense.

Error to Osceola; McMahon, J. Submitted January 30, 1896. Decided March 11, 1896.

Ira Ricketts was convicted of an assault with intent to ravish, and sentenced to imprisonment in the state prison at Marquette for eight years. Judgment affirmed.

*Charles A. Withey*, for appellant.

*C. H. Rose*, Prosecuting Attorney, for the people.

LONG, C. J.    Respondent was convicted of an assault with intent to commit the crime of rape upon his own daughter, a girl just past 15 years of age.    The errors relied upon by the respondent are:

1. That the prosecuting officer stated to the court, in the presence of the jury, that he proposed to show by several witnesses that the respondent, on several occasions prior to the time of the commission of the offense charged, had committed similar acts upon the complaining witness. This offer was objected to, and the objection sustained. The contention is that respondent's rights were prejudiced by the offer of this testimony by the prosecution.    It is not necessary to discuss the question which the prosecution now raises, that this testimony was competent.    It is sufficient to say that, this testimony having been objected to and excluded, there is no ground for saying that the case should be reversed.    If a case were to be reversed upon such a pretext as this, few verdicts could be sustained.    The prosecution evidently made the offer in good faith, and the court promptly excluded the testimony.

2. It is contended that there was no evidence which warranted the jury in finding the respondent guilty.    We need not set out the testimony here.    The story, as told by the daughter, if believed by the jury, would warrant a verdict of guilty.

3. It is also contended that the court was in error in several portions of the charge.    These portions are selected from the general charge, and, standing alone, might tend to mislead the jury, but as a whole we think the charge not open to the criticism made upon it by counsel.    The court charged:

"In order to find the respondent guilty of the offense, it will be necessary for you to find from the evidence, beyond any and all reasonable doubt, that at the time he made the assault upon her he had in his mind the intent

to gratify his passions upon her person, and that he intended to do so at all events, and notwithstanding any resistance on her part; that he intended to have carnal intercourse with her, in other words, and to use such force as was necessary for that purpose to overcome whatever resistance she might interpose, and to have intercourse with her at all events."

Certainly this was a fair statement of the law.

But counsel claims that, in a preceding portion of the charge, the court took from the jury the question of the degree of the crime with which the respondent stood charged. After stating the claim of the prosecution, the court said:

"If you believe the evidence of the prosecuting witness, this respondent is certainly guilty of assault and battery, at all events. If you believe her testimony that he threw her down against her will, and took these liberties in an insulting, offensive, and rude manner with her person, he is certainly guilty of assault and battery; *and really the only question for you to debate and consider in this case is whether or not he is guilty of the more serious offense.*"

The complaint is of the last portion of this section of the charge. The only evidence set out in the record is that of the prosecutrix, and apparently it was the only evidence given on the trial. The court was not in error, therefore, in saying that the only question was whether the respondent intended to commit the greater offense; and, indeed, it appears by the record that counsel for respondent stated to the jury "the respondent is probably guilty of assault, or assault and battery, and I do not think it will take you many minutes to convict him of this offense." It is difficult to conceive how counsel can now contend in this court that respondent was prejudiced by the charge. Some other portions of the charge are criticised, but we find nothing which warrants further discussion.

The judgment must be affirmed.

The other Justices concurred.